JERRY E. SMITH, Circuit Judge:
I.
Sergio Luis Delgado-Nuñez (“Delgado”), then a permanent resident of the *496 United States, was deported in 1994 following a felony drug conviction. In 1997, he illegally reentered the United States using his old green card. After having been arrested for an unrelated offense, he was found by an INS agent in Big Spring, Texas, in September 1997. Big Spring is in the Northern District of Texas.
While in custody at Big Spring, Delgado admitted to the INS agent that he had reentered the United States illegally. From September 1997 to September 1999, he remained in state law enforcement custody at various locations. He eventually was transported by state authorities to San Antonio in the Western District of Texas.
In December 1999, Delgado was convicted, in the United States District Court for the Western District of Texas, of illegal presence in the United States under 8 U.S.C. § 1326 (1994) and received a 150-month sentence. He appeals the conviction and sentence, claiming that trial in the Western District violated his Sixth Amendment venue rights, that the district court erred in departing upward from the sentencing guidelines, and that, under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), his indictment was required to allege that his prior deportation was the result of a felony conviction. Finding no error, we affirm.
II.
A.
We first address Delgado’s venue claim. The standard of review is in dispute, with Delgado claiming that de novo review applies, while the government argues that it should be abuse of discretion. As a general rule, “constitutional and other legal questions” are reviewed de novo. United States v. Brown, 250 F.3d 907, 912 (5th Cir.), cert. denied, 531 U.S. 1111, 121 S.Ct. 854, 148 L.Ed.2d 769 (2001). But, “[w]e review all questions concerning venue under the abuse of discretion standard.” [1] In practice, however, “[l]ittle turns ... on whether we label review of this particular question abuse of discretion or de novo, for an abuse-of-discretion standard does not mean a mistake of law is beyond appellate correction.” Koon v. Untied States, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Thus, abuse of discretion review of purely legal questions such-as those raised by Delgado is effectively de novo, because “[a] district court by definition abuses its discretion when it makes an error of law.” Id.
B.
The district court held that Delgado waived his objection to venue by failing to raise it before or during trial. “A defendant indicted by an instrument which lacks sufficient allegations to establish venue waives any future challenges by failing to object before trial. In situations where adequate allegations are made but the impropriety of venue only becomes apparent at the close of the government’s case, a defendant may address the error by objecting at that time, and thus preserving the issue for appellate review.” United States v. Carreon-Palacio, 267 F.3d 381, 392-93 (5th Cir.2001).
*497 The key point is that, under Car-reon-Palacio, objection at the close of trial is appropriate solely where “the impropriety of venue only becomes apparent at the close of the government’s case.” Id. The opinion in United States v. Black Cloud, 590 F.2d 270 (8th Cir.1979), on which Car-reon-Palacio relied, is even more unequivocal on this point. See Carreon-Palacio, 267 F.3d at 392 (relying on Black Cloud as “helpful and persuasive” authority). It held that “venue objections are waived unless made prior to trial” in all cases except “when an indictment contains a proper allegation of venue so that the defendant has no notice of a defect of venue until the government rests its case.” Black Cloud, 590 F.2d at 272 (emphasis added). Four other circuits have adopted rules similar to that of Black Cloud, holding that the venue issue is waived when not raised before or during trial unless the defendant lacked notice of the venue defect in question.[2]
The problem for Delgado is that the facts underlying his claim—particularly that the INS had first discovered him in 1997 in the Northern District—were already known to him at the start of trial. Therefore, his failure to object at that time or at any time during trial is decisive. He certainly had enough “notice of a defect of venue” to be able to assert, before trial, the same claim he now raises on appeal. Id.
A holding that Delgado did not waive his venue claim under these circumstances would create severe perverse incentives for criminal defendants in any case in which there are doubts over the legitimacy of venue. A defendant would be able to game the system and obtain a free second shot at an acquittal by waiting for his trial to conclude and then challenging venue in the event of a conviction. Even if—like Delgado—he was well aware of the potential defect in venue, he would have every incentive to forego an improper venue claim until after the trial is over. Accordingly, Delgado waived any claim to improper venue.
III.
Delgado argues that the district court improperly departed from the sentencing guidelines in giving him a 150-month sentence. A departure from the guidelines is reviewed for abuse of discretion. United States v. Nevels, 160 F.3d 226, 229 (5th Cir.1998). “There is no abuse of discretion if the judge provides acceptable reasons for departure and the degree of departure is reasonable.” Id. at 229-30.
The relevant sentencing guideline, U.S.S.G. § 4A1.3, allows upward departures if “reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant’s past criminal conduct or the likelihood that the defendant will commit other crimes.” One such circumstance is where a defendant “had previously re *498 ceived an extremely light sentence for a serious offense.” U.S.S.G. § 4A1.3, p.s.
Delgado had an extensive criminal history. His offenses include three DWI convictions for which he received very light sentences and for which no criminal history points "were assessed. One of the DWI’s had resulted in an accident and, in another, Delgado was driving over one hundred miles per hour. 'Even considering the DWI’s alone, it was certainly not unreasonable for the court to conclude that them exclusion from the criminal history led to an underestimation of “the seriousness of the defendant’s past criminal conduct.” U.S.S.G. § 4A1.3. Under a deferential abuse of discretion standai’d, there is no reason to reverse.
Relying on some comments by the district court, Delgado claims that the departure was based on a judgment that his offenses “had not, in the district court’s view, been adequately punished” rather than on an assessment of the criminal history. Even if this characterization of the court’s reasoning is accurate, there would be no abuse of discretion. The comment to- the relevant guideline notes that courts can take into account the fact that a defendant had “received what might now be considered extremely lenient treatment in the’past.” U.S.S.G. § 4A1.3, comment. The guidelines’ commentary is given controlling weight if it is not plainly erroneous or inconsistent with the guidelines. Stinson v. United States, 508 U.S. 36, 42-45, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993).
IV.
Delgado argues that, under Apprendi, his indictment was required to allege that his prior deportation was the result of a felony conviction and that, because it did not do so, his sentence should be reduced accordingly. As both sides recognize, Delgado’s argument is barred by existing Supreme Court and Fifth Circuit precedent.
Apprendi does require that “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt.” Apprendi, 530 U.S. at 490, 120 S.Ct. 2348. The Court earlier had held, however, in a § 1326 case similar to this one, that the government is not “required to prove to the jury that the defendant was previously deported subsequent to a conviction for commission of an aggravated felony.” Almendarez-Torres v. United States, 523 U.S. 224, 234-35, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (quotation omitted). We have established that Apprendi did not overrule Almendarez-Torres, which therefore remains good law. See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir.2000) (holding that Apprendi “expressly declined-’ to overrule Almendarez-Torres,” which therefore remains binding), cert. denied, 531 U.S. 1202, 121 S.Ct. 1214, 149 L.Ed.2d 126 (2001).
AFFIRMED.

. United States v. Asibor, 109 F.3d 1023, 1037 (5th Cir.1997) (emphasis added); cf. United States v. Hemmingson, 157 F.3d 347, 355-56 (5th Cir.1998) (distinguishing “questions of constitutional law” from “venue and severance decisions” and holding that the latter are reviewed only for abuse of discretion).

. See United States v. Sandini, 803 F.2d 123, 127 (3d Cir.1986) (holding that venue objection not raised before the close of trial is waived unless "the defendant has no notice that a facially proper allegation of venue is in fact defective”); United States v. Melia, 741 F.2d 70, 71 (4th Cir.1984) (holding that objections to waiver must be made before trial "when the defect is apparent on the face of the indictment”); United States v. Jackson, 482 F.2d 1167, 1179 (10th Cir.1973) (holding that "[¡Improper venue may be waived when it is apparent on the face of the indictment that the case should be tried elsewhere”); United States v. Brothman, 191 F.2d 70, 72 (2d Cir.1951) (holding that "[wjhere the indictment discloses lack of venue, going to trial without objection to venue is a waiver” and "that the same result may follow if the defendant is warned of the defect during the trial”), overruled on other grounds, United States v. Reed, 773 F.2d 477 (2d Cir.1985).