**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

--------

No. 01-20783
Summary Calendar

--------

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY EDWARD LEVI, also known as Timothy Levy,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-197-1
--------------------
October 28, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Timothy Edward Levi appeals his guilty-plea conviction for being a felon in possession of a

firearm in violation of 18 U.S.C. § 922(g). He argues that the district court abused its discretion

in departing upward from the Guidelines range because the leniency of the sentences previously

assessed in state court. He also argues that the fact that the firearm he possessed was loaded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should not effect the Guidelines calculation, and that the district court did not employ the proper procedure in departing upward.

We review the decision to depart upward for an abuse of discretion. United States v. Delgado-Nunez, 295 F.3d 494, 497 (5th Cir. 2002). There is no abuse of discretion if the judge provides acceptable reasons for departure and the extent of the departure is reasonable. Id. A sentence can be "reasonable" even if some of the reasons given for the departure are invalid, provided that the remaining reasons are sufficient to justify the magnitude of the departure. Williams v. United States, 503 U.S. 193, 204 (1992).

Section 4A1.3, p.s., provides, in part, that a departure "is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." Contrary to Levi's assertion otherwise, "[o]ne such circumstance is where a defendant `had previously received an extremely light sentence for a serious offense.'" See Delgado-Nunez, 295 F.3d at 497-98 (quoting § 4A1.3, p.s.). The court in Delgado-Nunez cited with approval the commentary to § 4A1.3, p.s., which provides that an upward departure might be appropriate for "younger defendants ... who are more likely to have received repeated lenient treatment, yet who may actually pose a greater risk of serious recidivism than older defendants." Id. Thus, the district court did not abuse its discretion by departing upwards based on Levi's numerous prior convictions for which he received lenient sentences. The court's reliance on the fact that the firearm was loaded also was not an abuse of discretion because the loaded firearm indicated a likelihood of violence not reflected in the guideline range. See United States v. Helmstetter, 56 F.3d 21, 23 & n.7 (5th Cir. 1995)(court may depart based on the dangerousness of the weapon possessed).

Levi's challenge to the procedure employed by the district court in departing upwards also is without merit. Where an upward departure from category VI is warranted, the district court "should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." § 4A1.3, p.s. The court did so in this case, and it supported its decision with detailed and thorough reasons. Neither the Guidelines nor this court require anything further. Compare United States v. Lambert, 984 F.2d 658, 662-63 (5th Cir. 1993)(en banc); United States v. Gore, _ _ F.3d _ (5th Cir., July 10, 2002), 2002 WL 1474246 at *4 n.7.

Levi also argues that the prosecution of a convicted felon for possession of a firearm that has traveled in interstate commerce, as opposed to a convicted felon who possesses a firearm that has not traveled in interstate commerce, violates the equal protection provision of the Fourteen Amendment. Because § 922(g) is a federal statute, Levi's equal-protection challenge to the constitutionality of the statue would involve the equal-protection component of the Due Process Clause of the Fifth Amendment rather than the Fourteenth Amendment. See Lewis v. United States, 445 U.S. 55, 65 (1980). To succeed on his claim, Levi must demonstrate that similarly situated persons are subject to disparate treatment without a rational basis. United States v. Abou-Kassem, 78 F.3d 161, 165 (5th Cir. 1996). Levi has made no such showing. Accordingly, the judgment of the district court is AFFIRMED.