United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-50563
SUMMARY CALENDAR

———————————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOSE FAVELA-FAVELA

Defendant - Appellant

———————————————————————————————————————

On Appeal from the United States District Court for the
Western District of Texas, Pecos Division
(P-02-CR-6-2)

———————————————————————————————————————

Before REYNALDO G. GARZA, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal we review the sentence resulting from defendant Jose Favela-Favela's

guilty-plea conviction for entering the United States illegally following deportation in violation of

18 U.S.C. § 1326(a). For the following reasons, we affirm the district court's judgment and the

sentence imposed.

I. FACTUAL AND PROCEDURAL BACKGROUND

---

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

On December 22, 2001, United States Border Patrol agents stopped a truck at the checkpoint located south of Marathon, Texas. After being questioned about his citizenship, the driver of the truck produced valid immigration documents. While the vehicle was stopped, agents observed what appeared to be people attempting to conceal themselves. Five illegal aliens from Mexico were found in the truck –two females and one male were found in the cab, and one male and one female were found in the camper of the truck.

One of the illegal aliens was discovered to be appellant Jose Favela-Favela. After a records check, it was discovered that Favela-Favela was a convicted and registered sex offender in the state of Florida. Furthermore, it was learned that Favela-Favela had previously been deported and did not have permission to re-enter the country.

Approximately forty minutes after the vehicle was stopped, one of the female aliens, Patricia Marie Rodriguez-Fraire, experienced a seizure. After she was treated for the seizure, it was learned that she had been the lone female in the camper with Favela-Favela. Rodriguez-Fraire told investigators that the appellant had withheld her seizure medication and refused to hand it over until she had sexual intercourse with him. In addition, she stated that Favela-Favela had raped her after the group had arrived in Ciudad Juarez, and she reported being tied, chained, and kept away from the group.

Favela-Favela was charged in five counts of an indictment for transporting illegal aliens and charged in one count for entering the United States illegally after deportation. The defendant pled guilty to the count for entering the country illegally following deportation. When sentencing Favela-Favela, the district court departed upward from the guideline range of 46 to 57 months. The court imposed the statutory maximum sentence of 240 months in prison and also imposed a

three-year period of supervised release. In addition, the defendant was ordered to pay a $200,000 fine. Favela-Favela filed timely notice of his appeal.

## II. DISCUSSION

On appeal, Favela-Favela challenges the district court's upward departure from the sentencing guidelines. The district court's decision to depart from the guideline range is reviewed for an abuse of discretion. *United States v. Delgado-Nunez*, 295 F.3d 494, 497 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 994 (2003). There is no abuse of discretion if the judge provides acceptable reasons for departure and the degree of departure is reasonable. *Id*.

The district court relied upon USSG §§ 4A1.3 and 5K2.9 in departing upward. According to § 4A1.3, "If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider departing from the otherwise applicable guideline range." § 4A1.3, p.s. Under § 5K2.9, "If the defendant committed the offense in order to facilitate or conceal the commission of another offense, the court may increase the sentence above the guideline range to reflect the actual seriousness of the defendant's conduct." § 5K2.9, p.s.

In 1989, Defendant Favela-Favela was convicted in Florida for kidnaping, robbery and two counts of sexual battery by multiple perpetrators. Favela-Favela was also convicted for two counts of armed sexual battery, armed kidnaping and armed robbery in connection with another multiple-perpetrator rape and kidnaping. Accordingly, Favela-Favela is a registered sex offender in Florida.

In departing upward, the district court stated that it would have preferred to sentence

Favela-Favela to life in prison because of Favela's "startling, absolutely unacceptable history of criminal violence against women." The district court further noted that the imposed sentence was intended to keep the defendant "away from the innocent women of this world." The district court was of the opinion that "when [Favela-Favela is] on the streets, there's not a woman that's safe."

The defendant argues that the severity of his prior convictions was accounted for by the 16-level increase in his offense level under USSG § 2L1.2 and by his criminal history category of III. Furthermore, according to Favela-Favela, there is no evidence suggesting that he committed any sex crimes in connection with the instant immigration offense. He contends that the findings in the PSR related to the account of the events given by Rodriguez-Fraire were based on the unreliable hearsay statements of a codefendant.

A PSR generally bears sufficient indicia of reliability to support a district court's factual findings, and the district court may adopt facts contained in the PSR without further inquiry if the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence. *United States v. Cabrera*, 288 F.3d 163, 173-74 (5th Cir. 2002). A district court may consider hearsay evidence when making sentencing decisions, so long as it has sufficient indicia of reliability to support its probable accuracy. *United States v. Billingsley*, 978 F.2d 861, 866 (5th Cir. 1992). The defendant bears the burden of demonstrating that the PSR is inaccurate. *United States v. Lage*, 183 F.3d 374, 383 (5th Cir. 1999).

Although Rodriguez-Fraire was a co-defendant of Favela-Favela, she had nothing to gain from accusing him of rape. In addition, Rodriguez-Fraire's contention that the defendant withheld her medication is supported by the fact that she experienced a seizure soon after being detained. Furthermore, Favela-Favela's prior history as a violent sex offender lends credence to Rodriguez-

-4-

Fraire's account. The factual scenario detailed in the PSR relating to Favela-Favela's treatment of Rodriguez-Fraire is not only unacceptable, but unusually horrific by any conceivable standard. We would also note that the defendant's egregious criminal history, when considered in conjunction with the events at issue, provided reasonable grounds for such an upward departure as was sought by the district court. In short, no abuse of discretion has been shown. *See Delgado-Nunez*, 295 F.3d at 497.

## III. CONCLUSION

For the aforementioned reasons, the judgement of the district court and the sentence imposed are AFFIRMED.