United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 19, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

--------------------

**No. 02-41714
Summary Calendar**

--------------------

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ROGELIO FLORES-RAMIREZ,**

**Defendant-Appellant.**

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-02-CR-486-1
--------------------

Before DAVIS, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Rogelio Flores-Ramirez appeals his sentence for illegal reentry. He argues that the district court erred in upwardly departing from the Sentencing Guidelines pursuant to U.S.S.G. § 4A1.3 (2001) based on its determination that his criminal history score was under-represented. We review this argument for plain error only and affirm. See United States v. Ravitch, 128 F.3d 865, 869 (5th Cir. 1997).

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Flores argues that it was error for the district court to consider his dismissed charge for aggravated sexual assault of a child as a basis for upward departure. If it is assumed arguendo that this charge was an invalid factor for consideration, remand is nevertheless not automatically required, because the district court could impose the same sentence on remand. See Williams v. United States, 503 U.S. 193, 202-03 (1992); Ravitch, 138 F.3d at 869. Flores's "prior similar adult conduct" of entering the United States illegally on four occasions was an appropriate factor on which to base an upward departure, see U.S.S.G. § 4A1.3(e), as was information concerning four misdemeanor sentences that were not used in computing his criminal history category. Id. at § 4A1.3(a). We reject Flores's contention that his misdemeanor offenses for driving under the influence and while intoxicated were too remote and minor to serve as a basis for upward departure. See U.S.S.G. § 4A1.2, comment. (n.5); United States v. Delgado-Nunez, 295 F.3d 494, 498 (5th Cir. 2002).

**AFFIRMED.**