United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-10061
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROSAURO CAMACHO BANABAN; ELISEO CRUZ TOLENTINO; JOSE SALTA MAGLALANG JR.,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-149-6-Y
_____

Before JOLLY, HIGGINBOTHAM and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants were convicted of using false attestation in connection with employment in violation of 18 U.S.C. § 1546(b)(3). Each was sentenced to time served, two years of supervised release, and a special assessment of $100. They have appealed their convictions on several grounds. We find each of their arguments meritless for the following reasons and accordingly AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, we reject the contentions that the evidence was insufficient because a reasonable trier of fact could have found, beyond a reasonable doubt, that the defendants knowingly presented a false attestation. United States v. Perrien, 274 F.3d 936, 939 (5th Cir. 2001). Further, any argument that venue was improper was waived when the argument was not asserted at trial. United States v. Delgado-Nunez, 295 F.3d 494, 496 (5th Cir. 2002).

Second, sufficient proof was put forth evincing defendants' ability to understand English such that the district court's finding that the statements were voluntary, and its admission of the statements, were proper. United States v. Alvarado, 898 F.2d 987, 991 (5th Cir. 1990).

Third, the district court properly rejected defendants' challenges under the Vienna Convention on Consular Relations and the International Covenant on Civil and Political Rights because neither provision creates individually enforceable rights. See United States v. Jimenez-Nava, 243 F.3d 192, 198 (5th Cir. 2001); Flores v. S. Peru Copper Corp., 343 F.3d 140, 164 (2d Cir. 2003).

Fourth, the "specialty doctrine" does not preclude the defendants' prosecution because the defendants were not "delivered by any foreign government to an agent of the United States"; instead, they were present in the United States when arrested and prosecuted. 18 U.S.C. § 3192 (2003).

Fifth, a hearing should not have been granted and the charges should not have been dismissed for selective prosecution because

2

the defendants' meager presentation of conclusory allegations and statistics was insufficient to create a reasonable doubt as to the constitutionality of prosecution. <u>United States v. Jones</u>, 287 F.3d 325, 333-334 (5th Cir. 2002); <u>United States v. Webster</u>, 162 F.3d 308, 334 (5th Cir. 1998); <u>United States v. Jennings</u>, 724 F.2d 436, 445-46 (5th Cir. 1984).

Sixth, the district court did not abuse its discretion in refusing to dismiss the charges based on prosecutorial misconduct because an Assistant United States Attorney is permitted to "threaten" a defendant with more serious charges or an enhanced sentence if he does not plead guilty to the charged offense. <u>See</u> <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 364 (1978). Further, allegations that the government instructed a witness not to discuss the case with defendants outside the presence of a federal agent are not supported by the record.

Seventh, defendants did not offer any evidence -- i.e. newspaper articles, television reports, or other media reports -- evincing that the jury pool was prejudicially tainted. <u>Mayola v. State of Ala.</u>, 623 F.2d 992, 997 (5th Cir. 1980). Moreover, the district court appropriately conducted a thorough voir dire, ensuring that the jurors could set aside any opinions they had of the case. <u>United States v. Davis</u>, 583 F.2d 190, 197 (5th Cir. 1978).

Finally, the district court did not abuse its discretion by admitting the business records of Sharp Aviation because the

3

government had laid a proper foundation for admission under the business records exception to the hearsay rule.  FED. R. EVID. 803(6); 2 JOHN WILLIAM STRONG, MCCORMICK ON EVIDENCE § 292 (4th ed. 1992).

For the foregoing reasons, the judgments are AFFIRMED.