United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60146
Summary Calendar

YI-YUAN HSU

                    Petitioner

     v.

JOHN ASHCROFT, US ATTORNEY GENERAL

                    Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A73 109 339
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit
Judges.

PER CURIAM:[*]

     Yi-Yuan Hsu ("Hsu"), a native and citizen of Taiwan, has
petitioned this court for review of the order of the Board of
Immigration Appeals ("BIA") affirming the decision of the
immigration judge ("IJ") denying Hsu's motion to reopen her
removal case.  Because the BIA summarily affirmed the IJ's
decision without an opinion, the IJ's decision is the final
agency determination for judicial review.  Soadjede v. Ashcroft,
324 F.3d 830, 831-32 (5th Cir. 2003).  The IJ concluded that,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

because Hsu remained in the United States beyond her date of voluntary departure, she was not eligible for the adjustment of status that she sought.  See 8 U.S.C. § 1229c(d); see also Ogbemudia v. INS, 988 F.2d 595, 599-600 (5th Cir. 1993) (motion to reopen may be denied "if the movant fails to establish a prima facie case for the underlying substantive relief sought").

This court reviews the denial of a motion to reopen for abuse of discretion, but if the denial rests on the IJ's finding that the alien is not eligible for relief, this court reviews for legal error.  Ghassan v. INS, 972 F.2d 631, 637 (5th Cir. 1992). This court defers to a government agency's interpretation of its own regulations, and the agency's interpretation must be affirmed unless "it is plainly unreasonable."  United States v. Delgado-Nunez, 295 F.3d 494, 496 (5th Cir. 2002).

An alien who remains in the United States beyond the authorized date of voluntary departure is ineligible for certain forms of relief, including adjustment of status, for 10 years. 8 U.S.C. § 1229c(d).  It is undisputed that Hsu stayed beyond her departure date.  Hsu's contention that the IJ "could have" reopened her case and vacated the prior order of voluntary removal does not establish that the IJ abused her discretion by not doing so.  Even if the IJ made a purely legal determination based on 8 U.S.C. § 1229c(d), Hsu does not establish that the IJ's interpretation of the law was plainly unreasonable.

Accordingly, the petition for review is DENIED.