United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2005

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

———————

m 04-11530

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DAVID LEE CLENNEY,

Defendant-Appellant.

———————

Appeal from the United States District Court
for the Northern District of Texas

———————

Before GARWOOD, SMITH, and DEMOSS,
 Circuit Judges.

PER CURIAM:

David Clenney took his son Jacob from the United States to Belize to avoid handing custody over to the child's mother, Heather Carmichael, on a scheduled date. Clenney was arrested, extradited to the United States, and indicted in the Northern District of Texas for international parental kidnaping in violation of 18 U.S.C. § 1204. Clenney resided in the Southern District of Texas, Carmichael in the Northern District of Texas. The government contended that venue was proper in the Northern District because Carmichael's parental rights were affected there.

Clenney filed a motion to dismiss the indictment for improper venue, arguing that none of the acts complained of in the indictment implicated jurisdiction in the Northern District. The district court denied the motion, accepting

the government's theory that venue was proper in the district in which Carmichael exercised her parental rights. Clenney entered a guilty plea, conditioned on his right to appeal the denial of his motion to dismiss. The district court accepted the conditional plea and sentenced Clenney.

Venue issues are generally reviewed for abuse of discretion. We effectively review this judgment *de novo*, however, because "a district court by definition abuses its discretion when it makes an error of law." *United States v. Delgado-Nunez*, 295 F.3d 494, 496 (5th Cir. 2002) (quoting *Koon v. United States*, 518 U.S. 81, 100 (1996)).

The statute of conviction does not have an express venue provision. The parties agree that because Clenney was charged with a single, continuing offense committed in multiple districts, venue is appropriate, under 18 U.S.C. § 3237(a), in any district in which the offense was begun, continued or completed. On appeal, the government asserts two alternative ways it can establish venue in the Northern District of Texas: (1) that Carmichael's parental rights were affected there, because she was a resident of that district; and (2) that Jacob's primary residence was in the Northern District and the criminal conduct unlawfully restrained him from being there.

Under *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999), to determine whether venue is appropriate, we perform a two-step inquiry: "[A] court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." To identify the conduct constituting the offense, we scrutinize the statute of conviction, which provides in relevant part:

(a) Whoever removes a child from the United States, or attempts to do so, or retains a child (who has been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights shall be fined under this title or imprisoned not more than 3 years, or both.

18 U.S.C. § 1204.[1]

The government argues that venue exists under the terms of the statute because "the intent to obstruct the lawful exercise of parental rights" is an element of the offense, and Carmichael's parental rights were violated in the Northern District. We disagree, because this element merely speaks to the offender's *mens rea* as he commits the conduct essential to the crime; it is plainly not an "essential conduct element" as required by *Rodriguez-Moreno*.[2] Moreover, even if the intent to obstruct parental rights were an essential conduct element of this crime, that intent was formed and existed solely in the mind of Clenney, who never set foot in the Northern District; the intent element is a mental state that cannot have been

---

[1] Title 18 U.S.C. § 3238 governs the venue of offenses "committed . . . out of the jurisdiction of any particular State or district." There is, however, no evidence or claim in this case that suggests that the Northern District of Texas would be an appropriate venue even if that section were applicable.

[2] "[W]e have never before held, and decline to do so here, that verbs are the sole consideration in identifying the conduct that constitutes an offense . . . . In our view, the Third Circuit overlooked an *essential conduct element* of the . . . offense . . . . [W]e interpret [the relevant statute] to contain two distinct *conduct* elements . . . ."). *Rodriguez-Moreno*, 526 U.S. at 280 (emphasis added).

2

"committed" anywhere but where he was physically present.

Finally, the government's assertion that venue was proper in the Northern District because Jacob was a resident of that district and was retained outside that district is without merit. For the statute to be violated, there is no essential conduct element that requires a person to remove or retain a child outside of the area of his primary residence.

Because venue was inappropriate in the Northern District of Texas, the judgment of conviction is REVERSED, and this matter is REMANDED so that Clenney may withdraw his guilty plea pursuant to the terms of his plea agreement, and for further proceedings as appropriate.