United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50487
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO ANTONIO SOTO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-986-1
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ricardo Antonio Soto (Soto) was convicted by a jury of conspiring to manufacture five grams or more of methamphetamine, manufacturing five grams or more of methamphetamine, conspiring to possess with intent to distribute five grams or more of methamphetamine, and possessing with intent to distribute five grams or more of methamphetamine. Soto was sentenced to 168 months of imprisonment for each count, to run

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concurrently, and eight years of supervised release for each count, to run concurrently.

Soto challenges venue in the Western District of Texas as to all counts of the superceding indictment. After the close of the government's case, Soto moved for a judgment of acquittal and stated that he was challenging venue as to counts I and III. As a result, Soto properly preserved the issue of venue for counts I and III but waived his challenge to venue as to counts II and IV. See United States v. Carreon-Palacio, 267 F.3d 381, 391-93 (5th Cir. 2001).

We generally review venue issues for abuse of discretion. United States v. Delgado-Nunez, 295 F.3d 494, 496 (5th Cir. 2002). As "a district court by definition abuses its discretion when it makes an error of law," however, our standard of review in instances such as this is effectively de novo. Id. (internal quotation marks, citation, and brackets omitted).

Venue is challenged as to Soto's conspiracy charges. Conspiracy is a continuing offense, so venue is proper in any district where the agreement was formed or an overt act occurred, even if the individual defendant has "never set foot" in the district. United States v. Winship, 724 F.2d 1116, 1125 (5th Cir. 1984); United States v. Davis, 666 F.2d 195, 199, n.5 (5th Cir. 1982); 18 U.S.C. § 3237. Our review of the record convinces us that there was sufficient evidence that the pseudoephedrine purchased by coconspirator Michael Shuck (Shuck) at the Target

2

stores located in the jurisdiction of the Western District of Texas was an overt act performed to effect the object of the conspiracy. Therefore, venue was proper in the Western District of Texas.

Soto contends that the evidence is insufficient to prove his guilt beyond a reasonable doubt. As Soto failed to renew his objection to the denial of his motion for acquittal after the defense rested, our review is limited to a determination whether there was a manifest miscarriage of justice, which will be found to exist only if the record is devoid of evidence pointing to guilt. See United States v. Robles-Pantoja, 887 F.2d 1250, 1254 (5th Cir. 1989).

To obtain a conspiracy conviction under 18 U.S.C. § 846, "the government must prove beyond a reasonable doubt (1) that an agreement existed between two or more persons to violate the applicable narcotics law... (2) that each alleged conspirator knew of the conspiracy and intended to join it and (3) that each alleged conspirator participated...voluntarily in the conspiracy." United States v. Medina, 161 F.3d 867, 872 (5th Cir. 1998). Circumstantial evidence is sufficient to prove the existence of a conspiracy, the elements of which "may be inferred from the development and collocation of circumstances." United States v. Gonzales, 79 F.3d 413, 423 (5th Cir. 1996) (internal quotation marks and citation omitted). A conviction under 18 U.S.C. § 841(a)(1) requires a showing that Soto knowingly manufactured methamphetamine and that Soto knowingly possessed methamphetamine

3

with the intent to distribute.  See Medina, 161 F.3d at 873; United States v. Gourley, 168 F.3d 165, 169 (5th Cir. 1999).  A review of the evidence reveals that the jury reasonably could have found that the elements of the charges were satisfied.

After receiving information that a methamphetamine cook was taking place in a trailer at 307 Gala Way, # 8, in Chaparral, New Mexico, the New Mexico State Police, with the assistance of agents from the Drug Enforcement Agency (DEA), obtained a search warrant for the trailer.  When the agents executed the warrant, they observed smoke and smelled odors that they associated with the manufacturing of methamphetamine.  When arresting Soto, who was one of the occupants of the trailer at the time, agents noticed that his hands were stained from iodine, a substance used in the manufacturing of methamphetamine.  Agents seized a number of substances from the trailer and from Soto's vehicle, including a vial of methamphetamine from that vehicle and other items consistent with the manufacture, usage, and distribution of methamphetamine.  The parties also stipulated that a DEA chemist would testify that the methamphetamine lab was manufacturing five grams or more of methamphetamine and that baggies, a coffee cup, a jar, and coffee filters seized from the trailer tested positive for methamphetamine.

Matthew Quero testified that, when Soto arrived at the trailer, he had a bag of methamphetamine and a pipe and that Soto put the methamphetamine in his pipe and passed the pipe around for

4

the occupants of the trailer to smoke. Approximately 30 minutes after Soto arrived, he left the trailer, saying that he was going to buy HEET, a substance used in manufacturing methamphetamine.

Quero further testified that Shuck was cooking methamphetamine in the kitchen and the bathroom of the trailer and that Soto was assisting Shuck. Quero stated that there were fumes in the trailer and that he observed the "reaction and boilout" while Shuck and Soto were cooking in the bathroom.

There was also testimony that, prior to April 13, 2004, Soto had manufactured methamphetamine by himself and with Shuck. Danielle Kays testified that a scale seized from the trailer belonged to Soto and Shuck, and that they used the scale to measure methamphetamine before putting it into small baggies. Kays also testified that she got methamphetamine from Soto. Further testimony revealed that Soto smoked methamphetamine at the trailer on April 13, 2004.

Viewing the evidence and all inferences drawn from the evidence in the light most favorable to the verdicts, the jury's guilty verdicts are not manifest miscarriages of justice. The evidence is sufficient to sustain the jury's verdicts of guilt beyond a reasonable doubt.

Accordingly, the district court's venue ruling is affirmed, as are Soto's convictions and sentences.

AFFIRMED.