# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10692
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LOVO SAMATRA GRAVES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-11-4

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Lovo Samatra Graves pleaded guilty to the production and use of a counterfeit access device and was sentenced above the advisory guideline range to 120 months of imprisonment and three years of supervised release. Graves argues that the district court's upward departure under U.S.S.G. § 4A1.3(a)(1) based on his criminal history was an abuse of discretion, making his sentence unreasonable, because 1) the facts resulting in his conviction are different and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

show that he was less of a participant and less culpable as compared to his co-defendants; 2) the elements of his offense of conviction are substantially different from and do not constitute a lesser included offense of his co-defendants' conspiracy convictions; and 3) the criminal history used by the court as the basis for the upward departure was based on different non-white collar crimes which varied in type and time.

In the context of a guidelines departure pursuant to § 4A1.3, reasonableness review requires this court to evaluate both "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (internal quotation marks and citation omitted). "An upward departure by a district court is not an abuse of discretion if the court's reasons for departing 1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2) and 2) are justified by the facts of the case." 442 F.3d at 347 (internal quotation marks and citations omitted). However, "[a] district court abuses its discretion if it departs on the basis of legally unacceptable reasons or if the degree of the departure is unreasonable." *United States v. Simkanin*, 420 F.3d 397, 416 n.21 (5th Cir. 2005) (internal quotation marks and citation omitted).

The fact that Graves pleaded guilty to a different offense from his co-defendants is irrelevant for sentencing purposes because his guideline range was based upon his relevant conduct, which included the broader conspiracy involving his co-defendants. Graves's offense level was based upon all of the facts reported in the presentence report concerning the entirety of the conspiracy. If Graves believed he was less culpable, he could have argued for a minor or minimal participant adjustment under § 3B1.2, but he did not. Graves did receive a benefit from pleading guilty to a charge with a statutory maximum of 120 months, as compared to the 180-month statutory maximum

of the conspiracy charge of his co-defendants.  The district court indicated that the statutory maximum limited its ability to sentence Graves even higher. Graves cites no relevant authorities to support his argument that his supposed lesser culpability somehow requires a within guidelines sentence despite his criminal history.  Graves has not demonstrated that the district court abused its discretion by failing to account for his alleged lesser culpability in upwardly departing based on his criminal history.  *See Zuniga-Peralta*, 442 F.3d at 347.

Regarding his criminal history, Graves argues that it did not support an upward departure because of the "lapsed time" between his criminal history and the present criminal offense, as well as the fact that his criminal history was different in nature from the present offense, a white collar crime.  Graves was 33 years old at the time of sentencing, and his criminal history stretched from age 18 to age 32.  There was no "time lapse" in his criminal history, but a steady engagement in criminal conduct over the course of 14 years, as noted by the district court.  Graves's lenient treatment, also noted by the district court, allowed him to continue to commit crimes.  The district court's consideration of his lenient treatment is a proper consideration and a valid basis for departure.  *See United States v. Delgado-Nunez*, 295 F.3d 494, 498 (5th Cir. 2002); *see also United States v. Lee*, 358 F.3d 315, 328-29 (5th Cir. 2004).

The fact that Graves's present offense was different in nature from his previous offenses does not preclude the district court's consideration of such offenses in its determination that an upward departure was warranted under § 4A1.3.  The listed factors in § 4A1.3(a)(2) are not exhaustive, and the district court can consider serious dissimilar criminal conduct not resulting in a conviction.  *See United States v. Alford*, 142 F.3d 825, 831 (5th Cir. 1998) Graves's prior convictions and criminal conduct involving burglary, assault

with bodily injury, possession of controlled substances, and possession of a prohibited weapon are serious crimes which pose an obvious danger to society and justify the district court's decision to depart. *See Lee*, 358 F.3d at 329.

The district court did not abuse its discretion by upwardly departing under § 4A1.3 for insufficient or unacceptable reasons. *See Simkanin*, 420 F.3d at 416 n.21.

AFFIRMED.