# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20749

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

RUDOLFO CARRANZA-MALDONADO, also known as Rodolfo Carranza, also known as Rudy Little-R., also known as Rudolfo Carranza, also known as Rudolfo Caranza,

      Defendant - Appellant

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-183

---

Before JOLLY, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

    Rudolfo Carranza-Maldonado appeals his four-level sentence enhancement for possessing a firearm in connection with another felony offense. For the reasons explained below, we VACATE the enhancement and REMAND for resentencing.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20749

## I.

Houston Police Department officers arriving at an apartment complex parking lot in response to a call about a suspicious person observed Carranza and three others enter a vehicle. An officer noticed Carranza attempt to hide something under the driver's seat where he sat. Officers also detected the smell of marijuana emitting from the vehicle as they approached. Officers detained the occupants and searched the vehicle. They found a loaded semi-automatic pistol under Carranza's seat and two plastic bags containing approximately 100 grams of marijuana under the front passenger seat. Carranza was arrested, and he pleaded guilty to possessing a firearm while he was "illegally . . . in the United States." 18 U.S.C. § 922(g)(5)(A). The passenger, Cavazo, was also arrested and later convicted in state court of misdemeanor possession of marijuana.

The presentence report (PSR) concluded that Carranza possessed the firearm in connection with a state marijuana felony, which resulted in a four-level enhancement under section 2K2.1(b)(6)(B) of the Guidelines. Carranza objected to this enhancement, arguing that there was no evidence linking him to the marijuana found under Cavazos's seat. The district court overruled the objection, adopted the PSR, and sentenced Carranza at the low end of the Guidelines to 27 months. If the district court had not applied the disputed enhancement, the Guidelines range would have been 15 to 21 months.

## II.

Under section 2K2.1(b)(6)(B) of the Guidelines, a four-level enhancement is applied if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." We review the district court's factual determination that an enhancement applies for clear error, which requires us to determine whether application of the enhancement was "plausible in light of the record as a whole." *United States v. Williams*, 610 F.3d 271, 292 (5th

2

No. 14-20749

Cir. 2010) (internal quotations omitted).  Any legal questions are reviewed *de novo*.  *United States v. Delgado-Nunez*, 295 F.3d 494, 496 (5th Cir. 2002); *see also United States v. Rodriguez-Guerrero*, 805 F.3d 192, 195 (5th Cir. 2015) (noting that legal questions involving the applicability of the Guidelines are reviewed *de novo*).

The "other felony offense" cited in the PSR is "delivery of marihuana," which is a state jail felony under Texas law.  Tex. Health & Safety Code § 481.120(b)(3) (providing state jail felony for delivery offense involving "five pounds or less but more than one-fourth once").  But as Carranza points out, at most the offense could be attempted delivery under state law as no marijuana was actually delivered.  An attempt to commit a state jail felony is a misdemeanor.  Tex. Penal Code § 15.01(d).

The government tries to resuscitate the enhancement by arguing that Carranza's conduct would have nonetheless constituted a felony under the federal "possession with intent to distribute" statute (21 U.S.C. § 841(a)(1)) or a related conspiracy or aiding and abetting offense.  It contends that the same factual basis supporting the district court's conclusion that there was a sufficient connection between Carranza and the drugs to implicate the state offense would support a similar finding for the federal offenses.

But we conclude that the scant record in this case provides an insufficient basis for tying the drugs to Carranza.  Although a defendant's control of a vehicle may support an inference that he constructively possesses contraband located inside, *see, e.g.*, *United States v. Lopez*, 74 F.3d 575, 578 (5th Cir. 1996) *abrogated on other grounds by United States v. Vargas-Ocampo*, 747 F.3d 299, 300–02 (5th Cir. 2014), all that has been established in this case is that Carranza sat in the driver's seat of the van when officers arrived at the scene. The officer observed Carranza attempting to hide something under the driver's seat, which supports the finding that he possessed the firearm found there.

3

But there is no evidence indicating that he owned the van or had previously driven it that would alone support a finding that he exercised control over the contents of other areas of the vehicle not within his immediate reach. This is especially true given that, like Carranza, Cavazos had only just entered the vehicle and sat in the seat beneath which the drugs were hidden. *Cf. United States v. Wright*, 24 F.3d 732, 735 (5th Cir. 1994) (holding that even when a defendant made furtive movements near a locked glove box where contraband was located, the passenger was in "exclusive control" of the contraband given that the key was found where the passenger had been sitting). The odor of burnt marijuana the government emphasizes is also consistent with the inference that Cavazos had been smoking the marijuana and hid his remaining stash beneath his seat. No cash, drug ledgers, or other evidence typical of a larger drug trafficking operation that might help tie the marijuana to Carranza were found at the scene.

On this record, we cannot conclude that there was a sufficient basis for finding that Carranza possessed the firearm in connection with a drug felony for which he can be held responsible. We VACATE Carranza's sentence and REMAND for resentencing.

4