# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20086
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWARD CHUKWU, also known as Edward Nwachukwu,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-256-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Edward Chukwu was convicted by a jury of making a false statement in connection with an immigration document, in violation of 18 U.S.C. § 1546(a), and was sentenced to time served. He seeks to challenge his conviction.

Chukwu argues that the district court erred by denying his motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. He maintains that there was insufficient evidence that the Form I-485 filed on his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20086

behalf with the United States Citizenship and Immigration Services (USCIS), which falsely averred that he had not previously been convicted of an offense, was filed by him; he asserts that there was no evidence that the signature on the form was his or that he provided the information in the form.  We review this preserved argument de novo.  *See United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012).

The evidence, viewed in the light most favorable to the Government and construed in favor of the verdict, was sufficient for a jury to find that Chukwu was responsible for the content of the Form I-485.  *See United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012); *United States v. Lopez-Moreno*, 420 F.3d 420, 437-38 (5th Cir. 2005).  The form, and the materials submitted along with it, contained details about Chukwu's personal life and included his photograph; he does not argue that the materials were fabricated or contain incorrect information.  Moreover, during an interview with a USCIS official, Chukwu stated that the signature on the form was his.  The jury was able to compare that signature to other signatures in the record belonging to Chukwu, and the verdict suggests, and we must presume, that the jury found that the signatures were made by the same person.  *See Terrell*, 700 F.3d at 760; *United States v. Nolasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002).  Further, during his interviews with USCIS officials, Chukwu affirmed the answer on the form and indicated that the false statement was the information that he meant to present.  Although he asserts that the person who attested to preparing the form could be responsible for its content, Chukwu offered this theory to the jury, and it was rejected; we must view all reasonable inferences and credibility choices in favor of the verdict, *see Terrell*, 700 F.3d at 760; *United States v. Resio-Trejo*, 45 F.3d 907, 911 (5th Cir. 1995), and cannot second-guess the

jury's finding, *see United States v. Ramos-Garcia*, 184 F.3d 463, 466 (5th Cir. 1999).

Chukwu further argues that there was insufficient evidence to establish that venue was proper in the Southern District of Texas.  Because he asserted this argument in his Rule 29 motion, our review is de novo.  *See United States v. Garcia Mendoza*, 587 F.3d 682, 686 (5th Cir. 2009).  We will affirm if, viewing the evidence in the light most favorable to the Government, a rational jury could find from the evidence presented that the Government established venue by a preponderance of the evidence.  *See id.*

The Government presented adequate evidence to establish venue.  The record supports that Chukwu lived in Houston, Texas, and that the form was prepared there.  Also, the evidence reflects that the processing of the form was completed in Houston and that Chukwu's interviews, in which he reurged and affirmed the false statement in the form, were completed in Houston.  Even if the form was placed in the mail by someone other than Chukwu and sent first to a lockbox facility outside the Southern District of Texas, those facts do not establish that venue was improper.  Specifically, those facts fail to refute that the conduct underlying the offense – i.e., making a material false statement in the Form I-485 – occurred in the Southern District of Texas.  *See Garcia-Mendoza*, 587 F.3d at 686; *United States v. Clenney*, 434 F.3d 780, 781 (5th Cir. 2005).

AFFIRMED.