273 So.2d 502 (1973)
In the Interest of Richard NAPP.
No. 47147.
Supreme Court of Mississippi.
February 19, 1973.
Dannye L. Hunter, Forest, for appellant.
A.F. Summer, Atty. Gen., by T.E. Childs, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
WALKER, Justice:
This is an appeal from the Chancery Court of Newton County, Mississippi, acting in its capacity as a Youth Court, wherein Richard Napp, a twelve year old male, was adjudged to be a delinquent child and ordered committed to a state training school, there to be retained, confined and disciplined until he attained the age of eighteen years.
The record reveals that on March 16, 1972, the county attorney for Newton County, Mississippi, filed a petition in the Youth Court asking that Richard Napp be declared a delinquent child, alleging that on or about February 24, 1972, said minor did unlawfully, feloniously and maliciously set fire to and caused to be burned a barn belonging to and the property of E.E. Roebuck; and, that he refused to accept direction and control and was uncontrollable and incorrigible.
On July 5, 1972, being the day set for hearing of the original petition, the court allowed an amendment to the petition further charging that Richard Napp did on or about March 1, 1972, take, steal and carry away the personal property of Gene Harvey, to-wit: a .38 caliber pistol, against the peace and dignity of the State of Mississippi.
The sole question before this Court is whether or not the petitioner proved the essential elements of the crimes with which appellant was charged beyond a reasonable doubt.
There was no evidence tendered by the petitioner in support of the allegation that appellant refused to accept direction and control or that he was uncontrollable and incorrigible. On the other hand, the testimony offered on behalf of the minor was that he was well mannered, that he minded well, attended school and had never been in trouble before.
As to the charge of burning the barn, there is nothing in the record from which there could be a reasonable inference that appellant unlawfully, feloniously and maliciously set fire to and caused to be burned the barn of E.E. Roebuck. To the contrary, *503 all of the evidence tends to show that the burning was accidental.
Turning next to the charge that the minor had stolen a pistol, there was no evidence offered by the petitioner during the case in chief relative to any alleged theft of a pistol. However, young Napp, while testifying in his defense, admitted that he was looking at a pistol that was in a truck which belonged to a Mr. Harvey, and upon becoming frightened when Mr. Harvey returned to the truck, that he hid the pistol, carried it to a place near the school the next day and caused it to be returned to the owner.
In youth court cases involving a child's possible loss of freedom, the proof must establish each and every essential element of the charges against him beyond a reasonable doubt. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The proof in this case falls far short of that high standard and is wholly insufficient to support a finding that Richard Napp is a delinquent child with the result that he be committed to a training school.
The judgment of the lower court is reversed; the appellant is discharged and the petition against him is dismissed.
Reversed and appellant discharged and petition against him dismissed.
GILLESPIE, C.J., and SMITH, SUGG, and BROOM, JJ., concur.