# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 2001-CA-00304-COA

**FRANKLIN RASHAD BODDIE**                                           **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                               **APPELLEE**

| | |
|---|---|
| DATE OF TRIAL COURT JUDGMENT: | 01/18/2001 |
| TRIAL JUDGE: | HON. KEITH STARRETT |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | J. RONALD PARRISH |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS JR. |
| DISTRICT ATTORNEY: | DUNN O. LAMPTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | THE PETITION FOR POST-CONVICTION RELIEF IS DENIED. |
| DISPOSITION: | AFFIRMED-10/15/2002 |
| MOTION FOR REHEARING FILED: | |
| CERTIORARI FILED: | |
| MANDATE ISSUED: | |

BEFORE KING, P.J., LEE, AND IRVING, JJ.

IRVING, J., FOR THE COURT:

¶1. Franklin Rashad Boddie was charged in a two-count indictment with the unlawful transfer of cocaine and aggravated assault. Pursuant to a plea agreement, Boddie pleaded guilty to the cocaine charge, and the aggravated assault count was nolle prossed. The trial judge sentenced him to twenty years with ten years suspended and ten years of post-release supervision. He was also fined and ordered to pay certain costs.

¶2. Boddie became displeased with the disposition of his case and filed a motion for post- conviction collateral relief alleging that his conviction and sentence were unconstitutional and that the trial court did not have jurisdiction to impose sentence. We reject Boddie's arguments and affirm the trial court's denial of Boddie's post-conviction relief motion.

## FACTS

¶3. A Pike County grand jury charged Boddie with unlawfully transferring cocaine to Dezzie Ree Peters and assaulting Peters with a handgun. Allegedly, the assault occurred because of Peters's failure to pay for the

cocaine.

¶4. The cocaine was never chemically analyzed, and although the reason for this failure is not entirely clear in the record, it appears that the contraband, for whatever reason, was not available. Also, the record does not shed any light on how the State became aware of the transfer since it does not appear that Peters was working undercover for the State.

¶5. Boddie filed a motion to quash the indictment. No testimony was heard on the motion, but Boddie and the State submitted an agreed statement of proof which is not contained in the record. The trial court denied the motion, and in the introductory paragraph of its ruling on the motion, the trial court said:

> [T]he Court after hearing arguments of counsel and testimony, has determined that it is necessary and proper that this Court make an adjudication on evidentiary matters in order to resolve the pending disputes herein. The issue for the Court to decide is: can the State sustain a conviction without possession of the controlled substance?

In a latter paragraph of the ruling the trial court stated:

> The defendant is entitled to have the case against him proved beyond a reasonable doubt. The establishment of the controlled substance, i.e., cocaine, is usually done by the testimony of a chemist who has tested the substance and provided the scientific background for his testimony. The opinion of a drug user that the substance is cocaine is just not sufficient. The drug user may be a Rule 701 expert. She may have been able to touch, perceive, taste and use the controlled substance. She may be able to describe the effects of the substance. However, this is not sufficient in this Court's opinion. To allow prosecution for the transfer of cocaine indictment when the Court has made this ruling, would be improper. The parties have stipulated as to what the proof would be and therefore, this Court feels comfortable in granting what is in effect a directed verdict.

Notwithstanding the trial court's assertion that it would be improper to allow the prosecution for the transfer of the cocaine, the court, as we have already mentioned, denied Boddie's motion to quash the indictment.

¶6. After failing to obtain a dismissal of the indictment, apparently Boddie and the State engaged in plea negotiations. Boddie agreed to enter a plea of guilty to the transfer of cocaine charge in exchange for a prosecutorial recommendation of the exact sentence that the judge gave him, plus a dismissal of two unrelated charges and a nolle prosequi of the assault charge.

¶7. Prior to pleading guilty, Boddie signed a written document entitled, "Know Your Rights Before Pleading." In this document, Boddie stated that he was pleading guilty because he was guilty and for no other reason. He checked "yes" to the following question: "Are you satisfied that the State can prove beyond a reasonable doubt that you are guilty of the crime or crimes to which you are pleading guilty?" He also checked "yes" to this question: "Have you reviewed the State's discovery material with your attorney?" Further, Boddie acknowledged that he knew he did not have to prove anything, that the burden of proof was entirely upon the State to prove him guilty by credible evidence and beyond a reasonable doubt, and that if the State failed to meet its burden, the jury would be under a duty to find him not guilty.

¶8. At the commencement of the plea hearing, the trial judge made the following statement and inquiry:

> BY THE COURT: All right. Cause Number 99-092, State versus Frankly [sic] Rashad Boddie, there

are two counts in this Indictment [sic]; one is aggravated assault and the other one is unlawful transfer of cocaine. There was a ruling made regarding evidence on this case. Does everyone agree that it was only an evidentiary ruling and that the Indictment [sic] is still standing?

BY MR. SMITH: The State does, Your Honor.

BY MR. MILLER: Defense also. Is that correct Mr. Boddie?

BY THE COURT: Do you understand what the evidentiary ruling is, and do you understand that there still is outstanding an Indictment. [sic] The case has not been dismissed against you. Do you understand that?

BY THE DEFENDANT BODDIE: Yes, sir.

¶9. Boddie changed lawyers and filed the PCR motion, the denial of which by the trial court, gives rise to this appeal.

## ANALYSIS AND DISCUSSION OF THE ISSUES

¶10. The gravamen of Boddie's argument is that the trial court's ruling on his motion to quash the indictment constitutes the grant of a directed verdict of not guilty on the cocaine charge and eliminates any factual basis for the court's acceptance of his guilty plea. The State argues strenuously that the trial court made only an evidentiary ruling and that Boddie's second argument -- that the trial court lacked a factual basis for acceptance of his plea -- was barely presented to the trial court. Consequently, the State urges us to procedurally bar this latter argument because of Boddie's failure to fully argue it before the trial court. The State further submits arguendo that enough facts are contained in the record to warrant a finding that a sufficient factual basis exists to support the trial court's acceptance of the guilty plea.

¶11. We agree with the State that the trial court made only an evidentiary ruling. The trial judge's choice of language -- that he was granting what amounted to a directed verdict -- is unfortunate. However, the transcript of the sentencing hearing removes any doubt as to nature of the trial judge's ruling. Moreover, we also agree with the State that the trial judge could not grant a directed verdict on a motion to quash the indictment. The granting of a directed verdict can only occur after the receipt of trial evidence, either at the conclusion of the State's case-in-chief or at the conclusion of the entire case.

¶12. We find the language in *State v. Peoples*, 481 So. 2d 1069, 1070 (Miss. 1986), quoted by the State in its brief, to be particularly applicable: "Neither a motion to quash nor any other pretrial pleading can be employed to test the sufficiency of evidence." "The proper time to test the sufficiency of the evidence to support any indictment is when the case is tried on its merits." *State v. Grady,* 281 So. 2d 678, 681 (Miss. 1993). When the trial judge made the evidentiary ruling, not one scintilla of trial evidence had been introduced. While the effect of the trial judge's ruling was to forewarn the State of a serious evidentiary impediment in the trial of its case based on the stipulated facts, the ruling could not prohibit the State from prosecuting Boddie on the indictment. The trial court could not know whether the State would be able to garner additional facts which would make its case stronger, and, even if the State was unable to gather additional facts, it was still entitled to test its evidence in a trial setting.

¶13. The trial judge's statement -- that in light of its ruling, allowance of the prosecution for the transfer of cocaine would be improper -- is not girded or anchored by supporting case law. The trial judge obviously

felt that, in the absence of a chemical analysis of the substance plus expert testimony as to what the analysis revealed, the State could not prove beyond a reasonable doubt that Boddie transferred a controlled substance to Peters. Such a conclusion is not necessarily warranted. While proof by an expert as to the identity of a controlled substance is the preferred and best method of proof, the State should not be foreclosed from employing other avenues of proof, including circumstantial evidence.

¶14. While we have not been able to find any Mississippi case addressing the question of whether proof of the identity of a controlled substance may be proved by means other than by a chemical analysis performed by a qualified expert, courts in other jurisdictions have addressed the question and have held that proof as to identity may be made by other evidence, including circumstantial. *See United States v. Eakes*, 783 F. 2d 499, 505 (5th Cir. 1986); *State of Kansas v. Northrup*, 825 P. 2d 174, 178 (Kan. Ct. App. 1992); *People v. Ortiz*, 554 N.E. 2d 416, 420 (Ill. App. Ct. 1990); *Swain v. State*, 805 P. 2d 684, 685-86 (Okla. Crim. App. 1991); *State v. Nash*, 444 N.W. 2d 914, 919 (Neb. 1989); *People v. Steiner*, 640 P. 2d 250, 252 (Colo. Ct. App. 1981).

¶15. We think it appropriate to mention one other matter, that is, the unavailability of the substance which was transferred. As we have already observed, it appears that the substance Boddie sold to Peters was not analyzed because it was not available for whatever reason. Therefore, the question might inevitably arise as to whether the State could successfully prosecute a transfer-of-cocaine case in the absence of possession of the cocaine that was transferred. We need not decide this issue since it was not presented. However, we note that there can be a successful prosecution by circumstantial evidence for murder even though no body is ever recovered. *See, e.g., State v. Dorsey*, 796 So. 2d 135 (La. App. 2 Cir. 9/26/01). It would seem only logical that if recovery of a body is not indispensable to a successful prosecution for murder, recovery or possession of the contraband is not indispensable to a successful prosecution of transfer of the contraband.

¶16. We turn now to the issue of the factual basis for the trial court's acceptance of Boddie's guilty plea. As observed previously, the State urges us to hold that this issue is procedurally barred. We agree with the State that this issue was barely raised in the trial court. However, in light of the clear mandate of Rule 8.04 of the Uniform Circuit and County Court Rules that the court must determine the existence of a factual basis for a guilty plea before accepting the plea, we decline to assert the proverbial procedural bar. Instead, we look to the record to ascertain if a sufficient factual basis exists for the court's acceptance of the plea. *Gaskin v. State*, 618 So. 2d 103, 106 (Miss. 1993).

¶17. We begin by acknowledging, as Boddie contends, that the plea transcript reveals that no factual basis was offered to support the plea. However, such omission is not fatal. First, the record reveals that the trial judge was aware of Boddie's statement that Boddie sold or transferred two rocks of crack cocaine to Peters. Second, the statement, which is contained in the record, reveals that persons, who Boddie identified as crack addicts, lived at or frequented the house where Peters lived and where the transaction was consummated. The statement also reveals that one of the two rocks of substance that Boddie sold to Peters was actually given to Melvin Bridges to give to Peters, thereby making Bridges a potential witness against Boddie. Third, while the record does not disclose the stipulated facts that were presented to the judge pursuant to the ruling on the motion to quash the indictment, we may infer from what the trial judge said in his ruling that Peters for certain, and perhaps even Bridges, would testify concerning the substance that was sold. This is borne out by the trial judge's statement that the drug user may be a Rule 701 expert who "may have been able to touch, perceive, taste and use the controlled substance, as well as describe the effects of

the substance" on her.

¶18. The trial judge was of the view that Peters could not testify, based on her experience in using cocaine, that in her opinion the substance sold to her was cocaine. He was mistaken in this regard. Rule 701 of the Mississippi Rules of Evidence is clear that if a witness is not testifying as an expert, the witness's "testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to the clear understanding of his testimony or the determination of a fact issue." M.R.E. 701. Whether the transferred substance was in fact cocaine was an issue of fact to be determined. Surely, Peters would have an opinion, based on her perception acquired from her prior use of cocaine, as to the identity of the substance she received from Boddie.

¶19. Based on these facts, we cannot say that a sufficient factual basis did not exist to support the trial judge's acceptance of Boddie's guilty plea. Accordingly, we reject Boddie's argument in this regard.

¶20. **THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DENYING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.**