LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. T.B. was brought before the jurisdiction of the youth court on a petition by the Warren County District Attorney’s Office January 19, 2004. The petition for adjudication as a delinquent alleged that T.B. sold or transferred a Darvocet pill to a fellow student at his high school on November 5, 2003. Later that day, T.S., who is a student at T.B.’s school, was observed by school officials to be behaving in a strange manner. The school principal approached T.S. and inquired about T.S.’s behavior, to which T.S. replied that he had taken a Darvocet. T.S. stated that he had received the pill from T.B. and C.B., another high school student, during lunch. As a result of this information, the district attorney’s office filed the petition seeking an adjudication that T.B. was a delinquent child. Sometime between November 10, 2003 and November 25, 2003, T.S. admitted that he had fabricated the November 5 incident and falsely implicated T.B. and C.B.; however, T.S. confessed that he had received drugs from T.B. and C.B. on October 7 of that year.
¶ 2. Subsequent to learning that T.S. had fabricated the story regarding the November 5 incident, T.B. filed a motion with the youth court to dismiss the petition for adjudication. The court deferred the hearing until completion of an investigation of drug activity at the high school.
¶ 3. In response to T.S.’s recantation, the district attorneys office filed an amended petition, alleged that T.B. had participated in twelve additional incidences of drug transfers and drug sales in violation of Mississippi Code Annotated Section 41-29-139 (Rev.2001).
¶ 4. The adjudicatory hearing was held on January 19, 2004. Immediately prior to the hearing, the trial court dismissed the petition regarding the November 5 incident.
¶ 5. The court heard the testimony of two students (identified as T.S. and C.B.), Mississippi Bureau of Narcotics agent, Frank Altieri, and considered several handwritten statements from other students. At the hearing, T.S. and C.B. testified regarding out-of-court admissions allegedly made by T.B. in naming certain controlled substances. T.S. and C.B. admitted that they had no personal knowledge of the identity of any drug, and could only repeat what they were told. Agent Altieri was called to testify as an expert to identify the pills described to him by the students as controlled substances. Agent Altieri stated that the substances described by the children “corresponded with” some scheduled drugs, but he admit *133 ted that identification of any drug by sight could lead to mistakes. No tangible evidence of a chemically analyzed controlled substance was offered by the State at any time during the hearing.
¶ 6. The court dismissed eleven of the twelve allegations as stated in the amended petition, due to lack of proof or false allegations. The only remaining count alleged possession of four controlled substances, and based upon the testimony presented to the court, the judge adjudicated the minor to be a delinquent and ordered T.B. to be committed to a training school for a period of rehabilitation. T.B. now appeals asserting the following issues, which we quote verbatim: (1) whether there was sufficient evidence for the State to meet its burden of proof required by law in adjudicatory hearings? and (2) whether the acceptance of an agent of the Mississippi Bureau of Narcotics as an expert by the youth court judge as “gatekeeper” constituted an abuse of discretion?
STANDARD OF REVIEW
¶ 7. Regarding the decision of a youth court, we do not review the record de novo. S.B. v. State, 566 So.2d 1276, 1278 (Miss.1990). This Court must consider all of the evidence before the youth court in the light most favorable to the State, and if the evidence so considered is opposed to the adjudication of the youth court with such force that reasonable men could not have found as the youth court did beyond a reasonable doubt, we must reverse. Id. On the other hand, if there is substantial evidence in the record supporting the adjudication of the youth court, evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, the youth court might reasonably have ruled as it did, we must affirm. Id. Regarding the propriety of evidence, the Youth Court Act provides that “[t]he court may consider any evidence that is material and relevant to the disposition of the cause, including hearsay and opinion evidence.” Miss.Code Ann. Section 43-21-603(2) (Rev.2004). The Youth Court Act implies that strict adherence to our rules of evidence is not required, and that, “concerns over hearsay evidence and the like are basically dismissed.” In re R.D., 658 So.2d 1378, 1391 (Miss.1995).
DISCUSSION OF ISSUES
I. WAS THERE SUFFICIENT EVIDENCE FOR THE STATE TO MEET ITS BURDEN OF PROOF REQUIRED BY LAW IN ADJUDICATORY HEARINGS?
¶ 8. “In youth court cases involving a child’s possible loss of freedom, the proof must establish each and every essential element of the charges against him beyond a reasonable doubt.” In re Napp, 273 So.2d 502, 503 (Miss.1973) (citing In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)); see also S.B. v. State, 566 So.2d 1276, 1279 (Miss.1990). Accordingly, it is our duty to examine the evidence in this case as we would in any other criminal proceeding. Id.
¶ 9. T.B. asserts that under Barnette v. State, 481 So.2d 788, 791 (Miss.1985), the State must prove beyond a reasonable doubt that the substance in question is a “controlled substance” to support a conviction of possession of a controlled substance. T.B. cites Barnette in support of his assertion that a substance can only lawfully be determined to be “controlled” if a chemical analysis, approved by the court, is undertaken. T.B. also asserts that proof by chemical analysis is an essential element of the offense at issue, and that using a different method of identification would be constitutionally impermissible, as the State would fail to meet its burden of *134 proving every essential element of the offense beyond a reasonable doubt.
¶ 10. This Court discussed the issue of considering circumstantial evidence to prove the identity of a controlled substance in Boddie v. State, 850 So.2d 1205, 1209(¶ 14) (Miss.Ct.App.2002). This Court noted that “courts in other jurisdictions have addressed the question and have held that proof as to identity may be made by other evidence, including circumstantial.” In the case sub judice we do not agree that the State showed that the substance sold on October 7, was, indeed, a controlled substance.
¶ 11. Reviewing the evidence in a light most favorable to the State, we begin with the testimony of the youths. T.S. testified that on October 7, he approached T.B. and asked if he had any pills for a headache, to which T.B. responded that he had pills for $5 a piece. Because T.S. only had $2, T.B. “covered” the other $3. According to T.S., he gave T.B. the money, which T.B. gave to C.B. in exchange for a pill. T.B. then gave T.S. a white pill, which T.S. testified made him vomit later that evening. T.S. testified that he knew the pill was Lorcet because T.B. had told him what the pill was.
¶ 12. C.B. testified that T.B. gave him four small morphine pills and told him to distribute them to other students. C.B. testified that he knew the pills were morphine because T.B. told him. C.B. also testified that at some point in time T.B. had given him Xanex and Lorcet.
¶ 13. Included in the record are eleven statements by other students at the high school. Each statement implicates T.B. in drug activity at the school, but the statements do not give specific dates of T.B’s involvement.
¶ 14. Mississippi Bureau of Narcotics agent Frank Altieri testified that the youth’s descriptions of the various pills corresponded with the descriptions of several Schedule II drugs. No drugs were tested by the State.
¶ 15. Under our supreme court’s interpretation of the Youth Court Act, we do not agree that the State has shown every element of the offense alleged in the petition. Viewing the testimony in a light most favorable to the State, it is unclear what type of pills T.B. gave to T.S. Although a number of the youths stated that T.B. told them he was stealing pills and selling them, standing alone, those statements are insufficient to support an adjudication as a delinquent. “An out-of-court admission by the child, even if otherwise admissible, shall be insufficient to support an adjudication that the child is a delinquent child unless the admission is supported by otherwise credible evidence.” Miss.Code Ann. Section 43-21-559(2) (Rev. 2004). Although, according to T.S., T.B. gave him Lorcet on the day in question, we do not agree that this is sufficient circumstantial evidence to prove beyond a reasonable doubt that T.B. violated Mississippi Code Annotated Section 41-29-139 as alleged in the petition. It is clear that there is a problem with drugs in Warren County, as well as other schools in areas across the nation, creating a devastating effect on our youth and society in general, which we abhor; nevertheless, under Napp the State must prove beyond a reasonable doubt that T.B. sold or transferred a controlled substance as alleged. Accordingly, we must reverse and render the decision of the youth court.
II. WHETHER THE ADMISSION OF AN MBN OFFICER AS AN EXPERT CONSTITUTED AN ABUSE OF DISCRETION?
¶ 16. Because we have found that the State failed to meet its burden of proof as *135 discussed in Issue- I of this opinion, no review of this issue is necessary.
¶ 17. THE JUDGMENT OF THE YOUTH COURT OF WARREN COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR. GRIFFIS, J., DISSENTS WITHOUT A SEPARATE WRITTEN OPINION.