MAXWELL, J.,
for the Court:
¶ 1. Charles “Ducky” Pegues challenges his conviction for possession of cocaine. On the first day of trial, Pegues pled guilty to the crime. But five years later, he filed a motion for post-conviction relief (PCR) because his indictment failed to charge it was being brought in Lafayette County. The circuit court denied Pegues’s PCR motion without an evidentiary hearing.
¶ 2. On appeal, Pegues argues he is entitled to collateral relief for three reasons— (1) his indictment was fatally defective; (2) his attorney’s performance was deficient; and (3) his guilty plea was invalid. Although constitutional implications require that we except his arguments from the three-year statutory time bar, we find they lack merit. The indictment’s failure to charge venue was a facially apparent defect that Pegues waived by not objecting before trial. And Pegues cannot show prejudice from his attorney’s failure to challenge venue prior to trial, since the indictment was amendable. We further find the indictment’s apparent venue defect did not void his guilty plea, as sufficient evidence established the crime occurred in Lafayette County, Mississippi.
¶ 3. We affirm the denial of Pegues’s PCR motion.
BACKGROUND
¶ 4. The State charged Pegues as a repeat drug offender for possession of cocaine with intent to distribute. His indictment did not cite the particular venue where the alleged crime occurred. On January 10, 2005, Pegues proceeded to trial in the Lafayette County Circuit Court. After the jury was empaneled, Pe-gues’s attorney negotiated a guilty plea to the lesser crime of simple possession of more than two but less than ten grams of cocaine. The circuit judge accepted Pe- *354 gues’s guilty plea and, in line with the State’s recommendation, sentenced him to sixteen years’ imprisonment, without the possibility of early release.
¶ 5. On January 4, 2010, Pegues filed a “Petition for Writ of Habeas Corpus” in the Lafayette County Circuit Court, challenging the legality of his sentence. He argued: (1) his indictment was defective because it failed to include the county in which it was brought, and (2) his counsel’s failure to advise him of the defective indictment amounted to ineffective assistance of counsel and rendered his plea involuntary.
¶ 6. The circuit court properly treated his petition as a PCR motion. Miss.Code Ann. § 11-43-3 (Rev.2002) (noting habeas corpus statute is inapplicable to collateral relief sought following criminal conviction — such relief instead is governed by the Mississippi Uniform PosD-Conviction Collateral Relief Act, Miss.Code Ann. §§ 99-39-1 to -29 (Rev.2007 & Supp. 2010)). The circuit court denied Pegues’s PCR motion without an evidentiary hearing, determining from the face of the motion, exhibits, and prior proceeding he was not entitled to relief. Miss.Code Ann. § 99-39-11(2) (Supp.2010).
¶ 7. Pegues timely appealed.
DISCUSSION
I. The Timeliness of Pegues’s PCR Motion
¶8. As a preliminary matter, we must address the timeliness of Pegues’s PCR motion. Mississippi Code Annotated section 99-39-5(2) (Supp.2010) provided Pe-gues three years from the entry of judgment following his guilty plea to file a PCR motion. Pegues did not file his motion until January 4, 2010, almost five years after his January 10, 2005 guilty plea. And none of the exceptions to the time bar contained within section 99-39-5(2) apply. See Miss.Code Ann. § 99-39-5(2)(a), (b).
¶ 9. We are cognizant that “errors affecting fundamental constitutional rights, such as the right to a legal sentence, may be excepted from procedural bars which would otherwise prevent their consideration.” Ivy v. State, 731 So.2d 601, 603 (¶ 13) (Miss.1999). Though Pe-gues argued he received an illegal sentence, this is not so. As a repeat drug offender charged with possession of cocaine with intent to distribute, Pegues potentially faced sixty years’ imprisonment. See Miss.Code Ann. §§ 41-29-139(b)(1); 41-29-147 (Rev.2009). But his attorney negotiated the distribution-related charge down to simple possession, and the sixteen-year sentence is within the statutory maximum for this lesser crime. Miss.Code Ann. § 41—29—139(c)(1)(C).
¶ 10. In assessing the applicability of the time bar to Pegues’s claims that his indictment was fatally defective and his guilty plea was invalid, our inquiry turns on whether Pegues is asserting “errors affecting fundamental constitutional rights.” Ivy, 731 So.2d at 603 (¶ 13). Generally, a claim alleging a defective indictment falls under the three-year statute of limitations. Barnes v. State, 949 So.2d 879, 881 (¶ 8) (Miss.Ct.App.2007) (citing Kelly v. State, 797 So.2d 1003, 1005 (¶ 4) (Miss.2001)). But venue is a constitutional right. United States v. Winship, 724 F.2d 1116, 1127 (5th Cir.1984). Therefore, we proceed on the merits to determine whether the failure to charge venue entitles Pe-gues to post-conviction relief. Derivative to this claim is Pegues’s argument that his counsel was constitutionally deficient for proceeding on an indictment that failed to charge venue.
 ¶ 11. We also consider the merits of Pegues’s claim that his guilty plea *355 was involuntary and unintelligent based on the defective indictment. See Lewis v. State, 48 So.Bd 583, 586 (¶¶ 5-6) (Miss.Ct. App.2010) (discussing the merits of defendant’s untimely attack of his guilty plea, despite the general application of the procedural bar). “[S]ome factual basis for the defendant’s guilt is an essential part of the constitutionally valid and enforceable decision to plead guilty.” Reynolds v. State, 521 So.2d 914, 916 (Miss.1988) (citing Oaks v. Wainwright, 445 F.2d 1062 (5th Cir. 1971)). Therefore, we consider whether the record contains facts supporting the essential jurisdictional element of venue. McBride v. State, 934 So.2d 1033, 1035 (¶ 10) (Miss.Ct.App.2006).
II. The Indictment
¶ 12. Pegues’s indictment indeed failed to state the county in which the charge was being brought, as required by Uniform Rule of Circuit and County Court 7.06(4). But we find Pegues’s failure to object prior to trial waived any challenge to this venue-based defect.
¶ 13. Despite the constitutional dimension of venue, courts have treated venue differently from other constitutional rights. This court has held that “[v]enue can be waived” in the criminal context. Burnett v. State, 876 So.2d 409, 412 (¶ 14) (Miss.Ct. App.2003). The United States Court of Appeals for the Fifth Circuit has recognized that “the standard for finding a waiver of venue rights is much more relaxed than the rigorous standard for finding waivers of'the right to trial by jury, the right to confront one’s accusers or the privilege against compulsory self incrimination.” Winship, 724 F.2d at 1124 (citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). While a defendant’s silence or inaction might waive his right to venue (i.e., by not objecting prior to trial), courts have generally been hesitant to take a hard line approach to such waivers. See United States v. Carreon-Palacio, 267 F.3d 381, 391 (5th Cir. 2001) (holding “waivers of venue rights by silence are not to be readily inferred”).
¶ 14. Mississippi courts have not decided whether venue-based defects apparent on the face of an indictment are waived if not raised prior to trial. But statutory law makes clear that “[a]n indictment ... shall not be insufficient ... for the want of a proper or perfect venue.” Miss.Code Ann. § 99-7-5 (Rev.2007). And this court has applied section 99-7-5 to the pretrial demurrer of an indictment that failed to charge venue and found the failure was “a procedural defect that may be amended upon order of the trial court without the necessity of grand jury action.” Garner v. State, 856 So.2d 729, 734 (¶ 16) (Miss.Ct. App.2003). For additional guidance, we look to the Fifth Circuit, which has held that “[a] defendant indicted by an instrument which lacks sufficient allegations to establish venue waives any future challenges by failing to object before trial.” Carreon-Palacio, 267 F.3d at 392.
¶ 15. We prominently note that the distinct venue defect here is apparent on the face of the indictment since the charging document does not cite where the drug crime occurred. Such facially apparent defects differ from situations where the indictment contains adequate allegations, but the impropriety of venue only becomes apparent at the close of the government’s case. In the latter instance, “a defendant may address the error by objecting at that time, and thus preserve the issue for appellate review.” Id.
¶ 16. This reasoning is in line with the Eight Circuit’s instruction in Black Cloud that “venue objections are waived if not made prior to trial” in all cases except “when an indictment contains a proper allegation of venue so that a defendant has *356 no notice of a defect of venue until the government rests its case[.]” United States v. Black Cloud, 590 F.2d 270, 272 (8th Cir.1979). Four other federal circuit courts have adopted similar rules. See United States v. Sandini, 803 F.2d 128, 127 (3d Cir.1986) (holding that venue objection not raised before the close of trial is waived unless “the defendant has no notice that a facially proper allegation of venue is in fact defective”); United States v. Melia, 741 F.2d 70, 71 (4th Cir.1984) (holding that objections to venue must be made before trial “when the defect is apparent on the face of the indictment”); United States v. Jackson, 482 F.2d 1167, 1179 (10th Cir.1973) (holding that “[i]m-proper venue may be waived when it is apparent on the face of the indictment that the case should be tried elsewhere”); United States v. Brothman, 191 F.2d 70, 72 (2d Cir.1951) (holding that “[wjhere the indictment discloses lack of venue, going to trial without objection to venue is a waiver” and “that the same result may follow if the defendant is warned of the defect during the course of the trial”), overruled on other grounds by United States v. Reed, 773 F.2d 477 (2d Cir.1986).
¶ 17. Central to our decision is the fact that this is not a case where the impropriety of venue would have only become apparent during the State’s case-in-ehief. So here, in light of the obvious, facially apparent defect, we find the exception to waiver does not apply. Had the indictment charged that the crime occurred in Lafayette County but at trial the State failed to establish venue, a venue-based objection would have been proper at the close of the State’s evidence. But here, the defect was apparent on the face of the indictment, as Pegues’s indictment lacked any statement of venue. See Garner, 856 So.2d at 734 (¶ 16) (example of how lack of statement of venue was apparent to defendant prior to trial); United States v. Mobley, 618 F.3d 539, 546 n. 4 (6th Cir.2010) (noting “an indictment is defective on its face if it alleges facts which, if proven, would not sustain venue in the district where the defendant is to be tried”). Thus, Pegues could have challenged the indictment’s lack of venue before his trial began. See United States v. Delgado-Nunez, 295 F.3d 494, 497 (5th Cir.2002). Because he failed to do so, we find he waived any venue-based challenge to the indictment. Id.
III. Ineffective Assistance of Counsel
¶ 18. We further reject any derivative argument that Pegues’s counsel was ineffective for failing to challenge the indictment prior to trial. To succeed in a challenge to the effectiveness of counsel, Pegues must prove (1) his counsel was deficient and (2) this deficiency prejudiced him. Clark v. State, 54 So.3d 304, 308 (¶ 13) (Miss.Ct.App.2011) (applying two-prong test from Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Pegues argues his counsel should not have advised him to plead guilty on the defective indictment but instead should have brought the defect to the trial court’s attention. As discussed, because the defect was facially apparent, Pegues’s counsel had to object to the indictment’s failure to state venue pri- or to trial, not during the State’s case. Delgado-Nunez, 295 F.3d at 497; see also Mobley, 618 F.3d at 546 n. 4. But as our precedent makes clear, had he done so, any victory would have likely been short-lived.
¶ 19. In Garner, prior to trial, the defendant sought dismissal of an indictment containing a facially apparent defect — the failure to allege that the crime occurred in Sunflower County, Mississippi. Garner, 856 So.2d at 734 (¶ 16). This court found the trial court properly responded to the defendant’s motion by allowing the indict *357 ment to be amended to set out venue. Id. Here, had Pegues’s attorney similarly challenged the indictment prior to trial, the circuit judge had authority to amend the charging document to include “Lafayette County” without grand jury action. So, even assuming Pegues’s counsel was deficient, Pegues cannot show he was prejudiced by his counsel’s inaction.
¶ 20. We further find Pegues’s quite lenient plea deal itself weighs against Pe-gues’s proving his counsel was deficient for advising him to plead guilty. Pegues’s attorney crafted a highly favorable resolution given the pending distribution charge and considering Pegues’s lengthy criminal history, which included convictions for accessory to murder, burglary, and possession of cocaine with intent to sell. His lawyer persuaded the State to agree to drop the repeat-drug-offender enhancement and further reduce the distribution-related drug charge to simple possession of cocaine. And he ably negotiated a sixteen-year sentence, which is far less than the potential sixty years Pegues faced on the pending crack distribution charge. Compare Miss.Code Ann. § 41-29-139(c)(1)(C) (sixteen-year maximum sentence for simple possession without repeat-drug-offender enhancement) with Miss. Code Ann. §§ 41-29-139(b)(l) (thirty-year maximum sentence for cocaine distribution) and 41-29-147 (potential double penalty for repeat drug offenders).
¶ 21. Before pleading guilty, the circuit judge advised Pegues that “[b]y pleading guilty all these technical issues; things that your lawyer should have done ... whether or not there is any deficiencies in the indictment; [for] all these things ... that ship is sailing.” (Emphasis added). And indeed here it has, as Pegues cannot establish his counsel was constitutionally ineffective for waiving the defect in the indictment.
IY. The Guilty Plea
¶ 22. Although the facially apparent venue defect was waived, we separately consider whether the circuit court had jurisdiction to accept Pegues’s guilty plea.
¶ 23. “A guilty plea waives all non-jurisdictional rights or defects which are incident to trial.” Parkman v. State, 953 So.2d 315, 318 (¶12) (Miss.Ct.App. 2007) (quoting Jones v. State, 747 So.2d 249, 251 (¶ 8) (Miss.1999)). But Mississippi has repeatedly insisted that “[i]n a crim inal case, venue is jurisdictional.” E.g., Hensley v. State, 912 So.2d 1083, 1086 (¶ 12) (Miss.Ct.App.2005) (citing Crum v. State, 216 Miss. 780, 788, 63 So.2d 242, 245 (1953)). Therefore, venue “must be proved, and may be raised for the first time on appeal.” Id. Our courts have taken the approach that venue is an indispensable element to the State’s burden of proof. See McBride, 934 So.2d at 1035 (¶ 10) (“The State bears the burden of proving venue beyond a reasonable doubt.”) (citing Hill v. State, 797 So.2d 914, 916 (¶ 10) (Miss.2001)). Proper venue for a criminal prosecution lies in the county where the crime occurred, unless otherwise provided by law. Id. (citing Miss. Code Ann. § 99-11-3(1) (Rev.2007)). However, venue for guilty pleas is governed by Mississippi Code Annotated section 99-15-24 (Rev.2007), which provides “guilty pleas may be taken ... in any county in the circuit court district that contains the county in which venue lies.” See Garner v. State, 944 So.2d 934, 938 (¶ 10) (Miss.Ct.App.2006) (applying section 99-15-24).
¶ 24. While we find a facially apparent venue defect in an indictment may be waived by failing to object prior to trial, in Mississippi, the State still must prove venue. With this distinction in mind, we point out that Pegues did not argue, prior to *358 pleading guilty, or at any time thereafter, that proper venue did not lie in Lafayette County. Nor would such an argument have met with any success, as the record clearly establishes Pegues was caught in possession of cocaine in Lafayette County.
¶ 25. To pass constitutional muster and comply with Uniform Rule of Circuit and County Court 8.04, before accepting Pegues’s guilty plea, the circuit court had to determine a factual basis existed for Pegues’s guilt. Reynolds, 521 So.2d at 916 (holding some factual basis for guilt is an essential part of a constitutionally valid guilty plea); Lewis, 48 So.3d at 586 (¶ 6) (citing Boddie v. State, 850 So.2d 1205, 1209 (¶ 16) (Miss.Ct.App.2002); URCCC 8.04). This included determining facts existed to support venue in Lafayette County, or another county within the same judicial district.
¶ 26. We review the entire record to discern whether a factual basis existed. Id. (citing Boddie v. State, 875 So.2d 180, 183 (¶ 8) (Miss.2004)); Corley v. State, 585 So.2d 765, 768 (Miss.1991) (reviewing all “proof [offered] in the accused’s presence” to determine whether factual basis existed for guilty plea).
¶ 27. Pegues challenged the traffic stop by the Lafayette County Metro Narcotics Unit, which led to the drug seizure. He moved to suppress the cocaine found during the stop and his admission that the crack cocaine belonged to him. During the suppression hearing, which took place just hours before his scheduled trial and ultimate guilty plea, the State presented testimony from two Lafayette County Sheriffs deputies. One deputy testified primarily about Pegues’s incriminating admission; the other established the cocaine possession occurred in Oxford, Lafayette County. Further, in his plea colloquy, Pe-gues admitted he possessed the cocaine and agreed with the factual basis read by the State. He also acknowledged he heard the evidence presented during the suppression hearing and that the officer’s testimony was substantially true. Therefore, we find Pegues knowingly pled guilty to a crime that occurred in Lafayette County.
CONCLUSION
¶ 28. Though a venue-based defect existed in the indictment, it does not entitle Pegues to post-conviction relief. Pegues waived the facially apparent defect by not objecting before trial. And any pretrial challenge by Pegues’s attorney would have simply led to amendment of the indictment to include “Lafayette County, Mississippi.” We find Pegues’s guilty plea was voluntary and entered in the proper jurisdiction, as the crime undoubtedly occurred in Lafayette County. For these reasons we affirm.
¶ 29. THE JUDGMENT OF THE LAFAYETTE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND RUSSELL, JJ„ CONCUR.