# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01385-COA

**DAMIEN TOWNSEND A/K/A DAMIEN OMAR TOWNSEND**                     **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                     **APPELLEE**

DATE OF JUDGMENT:              08/23/2018
TRIAL JUDGE:                   HON. STEVE S. RATCLIFF III
COURT FROM WHICH APPEALED:     MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        DAMIEN TOWNSEND (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: ALICIA MARIE AINSWORTH
NATURE OF THE CASE:            CIVIL - POSTCONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 11/26/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., McCARTY AND C. WILSON, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     Damien Townsend pleaded guilty to conspiracy to sell methamphetamine. He was sentenced as a non-violent habitual offender to serve twenty years in the custody of the Mississippi Department of Corrections. Townsend filed a petition for postconviction relief (PCR), which the trial court denied.[1] Townsend now appeals, arguing that his guilty plea was not voluntary and his trial counsel was ineffective. Finding no error, we affirm.

---

[1] Prior to filing his PCR petition, Townsend filed a "Motion for Records and Transcripts." The trial court granted the request. Although referred to as a motion for postconviction relief, the motion did not seek postconviction relief. As a result, the petition before us is not successive-writ barred.

**STANDARD OF REVIEW**

¶2. "When reviewing a trial court's denial or dismissal of a PCR [petition], we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Bass v. State*, 237 So. 3d 172, 173 (¶4) (Miss. Ct. App. 2017).

**DISCUSSION**

### I. The factual basis supported the guilty plea.

¶3. Townsend argues that the factual basis did not support his plea. Before accepting a guilty plea, the trial court must determine there is a factual basis supporting the plea. *Pegues v. State*, 65 So. 3d 351, 358 (¶25) (Miss. Ct. App. 2011). The trial court must also have before it "substantial evidence that the accused [committed] the legally defined offense to which he is offering the plea." *Burrough v. State*, 9 So. 3d 368, 373 (¶14) (Miss. 2009). Ultimately, "there must be enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged . . . ." *Corley v. State*, 585 So. 2d 765, 767 (Miss. 1991). "[I]n determining whether a factual basis existed, our review is not limited to the defendant's plea transcript; instead, this Court may review the record as a whole." *Mosley v. State*, 150 So. 3d 127, 134 (¶21) (Miss. Ct. App. 2014).

¶4. Townsend pleaded guilty to conspiracy to sell methamphetamine. Conspiracy may be proven where "two . . . or more persons conspire . . . [t]o commit a crime . . . or [t]o accomplish any unlawful purpose, or a lawful purpose by any unlawful means . . . ." Miss. Code Ann. § 97-1-1(1) (Rev. 2014). During the plea colloquy, the State recited the facts and

circumstances under which Townsend committed the crime. The State was prepared to prove beyond a reasonable doubt that Townsend and three others engaged in a plan to sell methamphetamine. Most importantly, Townsend agreed under oath to the factual basis recited by the State. We have long held that "[s]olemn declarations in open court carry a strong presumption of verity." *Mitchener v. State*, 964 So. 2d 1188, 1194 (¶15) (Miss. Ct. App. 2007). He was given the opportunity to disagree with the factual basis but did not. The trial court found that a factual basis supported Townsend's guilty plea. We agree and find no error.

¶5. Townsend briefly asserts that his plea was not entered into voluntarily. However, Townsend's plea colloquy shows that the trial court thoroughly advised him of the various constitutional rights he was waiving by pleading guilty and found that his plea was knowingly and intelligently entered. *See Dockery v. State*, 96 So. 3d 759, 763 (¶17) (Miss. Ct. App. 2012) (noting that the trial court must advise a defendant of his rights, the nature of the charges, and the consequences of the plea to determine if the plea was voluntarily and intelligently given). As a result, we find no error.

## II. Townsend's trial counsel was not ineffective.

¶6. Townsend also argues that his trial counsel was ineffective. He claims his attorney did not challenge the State's version of events, which is another attempt to argue that the factual basis was insufficient. He also claims that if his attorney had investigated his case properly, then he would have "taken this case to trial due to the circumstantial evidence."

¶7. To succeed in a challenge to the effectiveness of counsel, Townsend must prove that

3

(1) his counsel was deficient and (2) this deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of his guilty plea, he "must show that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty, would have insisted on going to trial, and the outcome would have been different." *Hannah v. State*, 943 So. 2d 20, 24 (¶7) (Miss. 2006). "[A] reasonable probability arises when the ineffectiveness is of such sufficient moment that the integrity of the proceeding or our confidence in the outcome has been shaken." *Id.* Furthermore, the defendant must produce "more than conclusory allegations on a claim of ineffective assistance of counsel." *Carpenter v. State*, 899 So. 2d 916, 921 (¶23) (Miss. Ct. App. 2005).

¶8. Townsend offers nothing—apart from his own assertions—to demonstrate that his trial counsel was ineffective. "It is firmly established that mere allegations are insufficient to entitle a defendant to an evidentiary hearing on a post-conviction claim of ineffective assistance of counsel." *Ealey v. State*, 967 So. 2d 685, 691 (¶18) (Miss. Ct. App. 2007). Furthermore, Townsend's assertions are contradicted by his prior sworn testimony about his counsel's representation. During his plea hearing, Townsend insisted that he was satisfied with his attorney's representation. When the trial court asked Townsend if he had any complaints about his attorney, Townsend said, "No, sir."

¶9. To reiterate, "[s]olemn declarations in open court carry a strong presumption of verity." *Mitchener*, 964 So. 2d at 1194 (¶15). The record also indicates that Townsend's trial counsel conducted discovery and ultimately negotiated a plea deal where two other counts of conspiracy to sell controlled substances were dismissed. This issue is without

4

merit.

¶10.   **AFFIRMED.**

      **BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR.**